```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PETER W. GUILDAY,

                Plaintiff,

vs.                                 Case No. 2:06-cv-63-FtM-29DNF

DYNCORP INTERNATIONAL, INC.,

                Defendant.

_____

## **OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Dismiss (Doc. #22), filed October 13, 2006. Plaintiff filed a Memorandum in Reply (Doc. #26) on November 2, 2006. Defendant seeks to dismiss the Complaint alleging a failure to state a claim, lack of personal jurisdiction, and improper venue.

     In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of FED. R. CIV. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S.

506, 512 (2002). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

Taking all allegations as true, the Complaint (Doc. #20) alleges that defendant Dyncorp International, Incorporated telephonically advised plaintiff where to join a vessel. Plaintiff, an ex-merchant seaman, worked for defendant cleaning up oil spills for years. Defendant is one of the largest war contractors operating in the Middle East, so plaintiff asked for a transfer. During the voyage, the anchor and chain were lost and with the "tremendous noise" caused plaintiff severe hearing loss. Plaintiff was not recommended for re-hire due to his hearing, and plaintiff did not have sufficient days at sea under the Seafarers International Union rules to be eligible for a disability pension. Plaintiff seeks relief under Title 41 of the United States Code, Sections 101, 103, and 107, the Contract Settlement Act of 1944.

The Contract Settlement Act of 1944 (Act) was enacted for the purpose of settling claims for war contract losses incurred between September 16, 1940, and August 14, 1945. Congress declared that some of the objectives of the Act were to facilitate maximum war production during the war, and to assure to prime contractors and subcontractors a "speedy and equitable final settlement of claims under terminated war contracts, and adequate interim financing." 41 U.S.C. § 101. A 'prime contract' "means any contract,

-2-

agreement, or purchase . . . connected with or related to the prosecution of the war." 41 U.S.C. § 103(a). "The term 'war contract' means a prime contract or a subcontract; and the term "war contractor means any holder of one or more war contracts." Id. at § 103(c).

Although defendant Dyncorp International, Inc. may hold or have held numerous war contracts, plaintiff is not a war contractor or subcontractor within the meaning of the Act. Additionally, there are no allegations that the government had a direct contract with plaintiff, and the United States is not named as a party-defendant. Plaintiff does not have a claim under the Contract Settlement Act of 1944, and the Court finds that plaintiff could not state a claim under the Act. Therefore, the case will be dismissed with prejudice. The remaining issues argued by defendant are thus moot.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #22) is **GRANTED** and the case is **dismissed** with prejudice. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of May, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD

Copies:
Counsel of record
DCCD